**SOUTHERN PACIFIC COMPANY,**
**Appellant,**

v.

**C. R. LAUDERDALE, Appellee.**
**No. 7101.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 11, 1969.

Motion for Rehearing Overruled
Jan. 8, 1970.

Mehaffy, Weber, Keith & Gonsuolin, Beaumont, for appellant.

Harold Peterson, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages under the Federal Employers' Liability Act (F.E.L. A.). Plaintiff recovered judgment upon the jury findings. The parties will be referred to here as they were in the trial court.

Defendant's sole point of error is that there was no evidence to support the finding by the jury that plaintiff sustained an injury to his body. We consider only the evidence favorable to this finding in passing upon this point of error.

■ We have concluded this finding by the jury is supported by the evidence. Plaintiff testified to the following: He had been employed by defendant, Southern Pacific Lines, for the past ten years, and was a switchman at the time of this injury, May 21, 1968. He had hemorrhoid trouble years before, had an operation in 1956 or 1957, and had no further trouble until this occurrence. He reported for work at 11:00 p. m. and was injured about 1:00 a. m. He was lining or throwing a switch at the time, which involved moving the switch handle, which was about three and one half feet long. He reached down and caught hold of the handle. It was hard to move, so he braced his foot and pulled. He was undergoing unusual straining at the time, when everything tore loose and his rectum fell out. The mass that came out was about the size of a baseball. He felt severe pain in his crotch and knew he was hurt.

The pain was as bad as a nail or needle under the fingernail. He told his foreman and then the yardmaster that he had hurt himself. He went home and sat in hot water in the bathtub. His pain continued, so he returned to defendant's office and filled out a report of injury, or request for treatment. This report showed that he sustained an injury to his rectum. That same day, he went to see Dr. Self, who was recommended to him by defendant. The mass was still out at the time he saw the doctor. He continued to have. pain, he couldn't work, and was unable to get out of bed. He couldn't have a bowel movement and was bleeding a little. Arrangements were made, and he was operated on May 28, 1968. He stayed in the hospital eight or nine days, and continued to have pain about three weeks after getting out of the hospital. He returned to work the day after Dr. Self released him on July 11, 1968.

The portion of the testimony of Dr. Self which was favorable to plaintiff was as follows: He is the Southern Pacific surgeon. Plaintiff came to see him May 21, 1968, and complained of pain in the lower abdomen and rectum. Plaintiff told him he had pulled on a switch. He found plaintiff had internal and external hemorrhoids, for which he prescribed surgery, and later performed that surgery. It was possible for plaintiff to have his condition and such condition not interfere with his activities in any way before an unusual strain. That pulling on a switch would tend to increase the pain. That strain is what brings on the awareness and the aggravation and the acceleration of the condition.

Belton Adair testified to the following: He was engine foreman for the crew the night of May 21, 1968. Plaintiff complained to him that night that he had injured himself. Plaintiff told him he was hurt while lining a switch which was hard. Plaintiff said he was hurt in the lower section of the abdomen. He had never before heard plaintiff complain of pain in the abdomen or rectum. He and a switch-man named Louis, working together, lined that same switch again that night, and it was hard. He learned the next night that the switch had been fixed.

The F.E.L.A. allows recovery for "injury or death resulting in whole or in part from the negligence" of the railroad. There is no statutory definition of "injury", and the trial court gave none in the case before us. Defendant argues that there was no evidence that plaintiff sustained an injury to his body, in that hemorrhoids are not an injury, but a condition that comes on over a long period of time. Defendant emphasized the fact that there is no medical evidence as to causation. Apparently, this is a question of first impression under the F.E.L.A., as neither party has cited us a case directly in point.

■ In view of the liberal construction placed by the Federal and State Courts on the F.E.L.A., there is no reason to use the word "injury" in a more restricted or limited sense than the definition of "injury" as used in the Texas Workmen's Compensation Act. We have concluded the phrase "injury to the body" should be construed to mean damage or harm to the physical structure of the body, and such diseases and infections as naturally result therefrom, or the incitement, acceleration or aggravation of any previously existing disease or condition by reason of such damage or harm to the physical structure of the body.

■ We see no reason to require a greater quantum of proof in an F.E.L.A. case than in a case under the Workmen's Compensation Act. The burden of proof was upon plaintiff to establish by a preponderance of the evidence that he received an injury to his body. This could be done by circumstantial evidence, and the weight and effect of such circumstantial evidence was to be determined by the jury, which it did, favorably to plaintiff. The sufficiency of the evidence in this case was a matter for the jury to determine, even though the expert testimony may not have been controverted. See, American General Insur-

ance Company v. Florez, 327 S.W.2d 643 (Houston Civ.App., 1959, no writ); Texas Employers' Insurance Association v. Smith, 374 S.W.2d 287 (Beaumont Civ.App., 1963, no writ); Texas Employers' Insurance Association v. Washington, 437 S.W.2d 340 (Dallas Civ.App., 1969, error ref. n. r. e.).

Judgment affirmed.

KEITH, J., not sitting.